UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DENISE SCARANGELLA,

                          Plaintiff,

                - against -

NORTH SHORE UNIVERSITY,
HOSPITAL d/b/a REGIONAL CLAIMS
RECOVERY,

                         Defendant.
----------------------------------------------------------X

**MEMORANDUM OF**
**DECISION AND ORDER**
05 CV 1802 (ADS) (WDW)

**APPEARANCES:**

**DENISE SCARANGELLA**
Plaintiff Pro se
33 Clinton Street
Sea Cliff, New York 11579

**CLIFTON BUDD & DeMARIA, LLP**
Attorneys for the Defendant
420 Lexington Avenue, Suite 420
New York, New York 10170
       By:    Michael J. Volpe, Esq.
                 Shaffin A. Datoo, Esq., of Counsel

**SPATT, District Judge.**

       The pro se plaintiff Denise Scarangella ("Scarangella" or the "plaintiff") alleges that the defendant North Shore University Hospital d/b/a Regional Claims Recovery ("North Shore" or the "defendant"), her former employer, violated the American with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112-12117

(amended by the Civil Rights Act of 1991, Pub. L. No. 102-166) by failing to accommodate her disability and terminating her employment. Presently before the Court is a motion by the defendant to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

## I. BACKGROUND

The following facts are derived from the complaint and are taken as true for the purposes of this motion. The plaintiff began working for the defendant "as a collector on a temp basis" in September, 2003. The plaintiff performed her job well. In January, 2003, the plaintiff "reach[ed] 80% of [her] collection goal" and "was complemented on her work." On February 17, 2004, the plaintiff became a full time collections employee of the defendant. On March 3, 2004, the plaintiff began suffering from heart palpitations. This condition persisted and the plaintiff, on several occasions, left work early because of this illness. Also in early March, 2004, the plaintiff began experiencing "visual spots." Consequently the plaintiff missed work on a "number of days [because of] illness, doctors' appointments and tests" during the month of March, 2004. By the end of that month the plaintiff began taking medication that alleviated her heart palpitations. The plaintiff still suffered from "visual spots."

During the time the plaintiff was suffering from these afflictions her production at work suffered. The plaintiff attributes this decline in production to her

2

illnesses and the attendant absences from work. "In or about the third week of March" 2004 the plaintiff claims to have met with her supervisors to discuss her decreased productivity. According to the plaintiff, she informed her supervisors that she was aware that her productivity was low; that she believed any performance issues to be related to her illnesses; and that she fully expected her production to improve as her health improved. In April, 2004, the plaintiff missed at least one day of work because of nausea that she claims was caused by her computer screen at work when it malfunctioned and began "flashing."

On April 21, 2004, the plaintiff was terminated, "allegedly for work performance issues." The plaintiff believes that she was fired because of the time she missed due to illness. Specifically, the plaintiff alleges that her "termination was caused by the [defendant's] unwillingness to reasonably accommodate [her] disability by working her until [her] medical issues were fully resolved."

On May 13, 2004, the plaintiff filed a timely charge of discrimination with the New York State Division of Human Rights ("NYSDHR"). The plaintiff's charge was dual-filed with the United States Equal Opportunity Commission ("EEOC"). On February 16, 2005, the EEOC issued a Notice of Right to Sue to the plaintiff. On May 10, 2005, the plaintiff commenced this action within ninety days of receipt of the Notice, claiming that the named defendant violated the American with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112-12117 (the "ADA").

## II. DISCUSSION

### A. Legal Standards

A court may grant a Rule 12(b)(6) motion to dismiss for failure to state a claim only where "'it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief.'" Tarshis v. Riese Org., 211 F.3d 30, 35 (2d Cir. 2000), abrogated on other grounds, Swierkiewicz v. Sorema N.A., 534 U.S. 506, 122 S. Ct. 992, 152, L. Ed.2d 1 (2002), (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1975)). The court must accept as true all of the factual allegations set out in the complaint, draw inferences from those allegations in the light most favorable to the plaintiff, and construe the complaint liberally. See id. (citing Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc., 191 F.3d 198, 202 (2d Cir. 1999)).

In its analysis under Rule 12(b)(6), the court "must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." Tarshis, 211 F.3d at 39 (citing Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991)). At the pleading stage, the plaintiff in an employment discrimination case must only provide a "short and plain statement" that "give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Sorema, 534 U.S. at 512-13, 122 S. Ct. 992, 152 L. Ed. 2d 1 (citing Conley,

355 U.S. at 47, 78 S. Ct. 99, 2 L. Ed. 2d 80).  This notice pleading standard expects "liberal discovery rules and summary judgment motions to define disputed facts and issues to dispose of unmeritorious claims."  Sorema, 534 U.S. at 512, 122 S. Ct. 992, 152 L. Ed. 2d 1.

In addition, a pro se plaintiff's submissions are held "'to less stringent standards than formal pleadings drafted by lawyers.'"  Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163 (1980) (per curiam) (quoting Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 595, 30 L. Ed. 2d 652 (1972)); see also Ferran v. Town of Nassau, 11 F.3d 21, 22 (2d Cir. 1993).  A court must make reasonable allowances so that a pro se plaintiff does not forfeit rights due to her lack of legal training.  See Traguth v. Zuck, 710 F.2d 90, 94 (2d Cir. 1993).  Indeed, courts must "read the pleadings of a pro se plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'"  McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).  On the other hand, pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law."  Traguth, 710 F.2d at 95 (internal quotations omitted).

**B.     As to the Plaintiff's Claim Under the ADA**

The ADA provides that no covered entity "shall discriminate against a qualified individual with a disability because of the disability of such individual in

5

regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions and privileges of employment." 42 U.S.C. § 12112(a). A district court only has jurisdiction to hear claims brought pursuant to the Americans with Disabilities Act that are either pled in the EEOC charge, or that are "reasonably related" to the claims in the EEOC charge. Brown v. Coach Stores, Inc., 163 F.3d 706, 712 (2d Cir.1998) (citing Butts v. New York Dep't of Hous. Preservation & Dev., 990 F.2d 1397, 1402 (2d Cir.1993)). The purpose of this jurisdictional requirement is to give the EEOC "the opportunity to investigate, mediate and take remedial action." Stewart v. United States INS, 762 F.2d 193, 198 (2d Cir.1985).

To state a claim of discrimination under the Americans with Disabilities Act, it is essential that the plaintiff be "disabled," as defined by that statute. See, e.g., Ryan v. Grae & Rybicki, P.C., 135 F.3d 867, 869-70 (2d Cir. 1998) (citations omitted).

The ADA defines a "disability" as "a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual . . . ." 42 U.S.C. § 12102(2). For an impairment to "substantially limit" major life activities, the impairment must be permanent or long-term. See Toyota Motor Mfg. v. Williams, 534 U.S. 184, 198, 122 S. Ct. 681, 151 L. Ed. 2d 615 (2002). A person is "substantially limited" in the major life activity of working when that person is

> significantly restricted in the ability to perform either a class of
> jobs or a broad range of jobs in various classes as compared to the

6

> average person having comparable training, skills and abilities. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.

29 C.F.R. § 1630(j)(3)(I).  Here, the complaint fails to state a claim because the plaintiff has not alleged that she was impaired for a significant amount of time or permanently, or that she was significantly restricted in performing "a class of jobs or a broad range of jobs in various classes."  Although she alleges that she missed some work to meet with doctors, the plaintiff continued to work during the pendency of her illnesses.  See Dean v. Westchester County P.R.C., 309 F. Supp. 2d 587, 595 (S.D.N.Y. 2004) (The plaintiff's allegations that he was unable to work overnight hours did not rise to the level of a substantial impairment.  "It [was], of course, an impairment, but it [was] not substantial, since plaintiff [could] still work.").  Moreover, although the plaintiff's productivity suffered as a result of time she missed to visit with doctors, her condition was improving.  In fact, the plaintiff alleges that she expected to shortly return her productivity to a pre-medical condition level.

Furthermore, the plaintiff has not alleged that any physical impairment restriction she did suffer effected her ability to "perform a class of jobs or a broad range of jobs in various classes."  Thus, the Court finds that the plaintiff was not "disabled" under the provisions of the ADA.  Accordingly, the defendant's motion to dismiss the complaint for failure to state a claim is GRANTED.

Finally, the Court notes that the plaintiff, in her opposition papers, mentions

for the first time that she also suffers from a learning disability. The plaintiff does not allege new facts supporting discrimination because of her learning disability. Rather, the plaintiff claims that her learning disability was "more impaired" by the medical conditions she developed in March, 2004. The Court will not consider the plaintiff's learning disability claim because it was not raised in the plaintiff's complaint or her EEOC charge. See Kearney v. County of Rockland, 373 F. Supp. 2d 434, 440-41 (S.D.N.Y. 2005) (Court did not consider the plaintiff's hostile work environment claim which was raised for the first time in her opposition papers and not alleged in her complaint or EEOC charge). Even if this claim were properly raised in the plaintiff's complaint, it would still be subject to dismissal because it was not raised in the EEOC charge; is not "reasonably related" to the allegations raised in the her EEOC charge; and there is no reason to expect that this claim would fall within the scope of the EEOC investigation. See Chinn v. City University of New York School of Law at Queens College, 963 F. Supp. 218, 223 (E.D.N.Y. 1997) (new allegations of discrimination exceed the scope of a reasonably EEOC investigation when new factual allegations support the theory of discrimination).

      Dismissal of the complaint in this case is without prejudice. The plaintiff is granted leave to file an amended complaint. In this regard, the plaintiff is cautioned not to simply repeat the same allegations discussed in this Order. If no such amended complaint is filed with the Court within thirty (30) days from the date of this Order,

the complaint will be dismissed with prejudice.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that the defendant's motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the complaint for failure to state a claim **GRANTED**; and it is further

**ORDERED**, that the dismissal of the plaintiff's complaint is without prejudice. The plaintiff shall have thirty days from the date of this Order to file an amended complaint; and it is further

**ORDERED**, that if the plaintiff fails to serve an amended complaint within thirty (30) days of the date of this Order, the complaint will be dismissed with prejudice.

**SO ORDERED.**

Dated: Central Islip, New York
November 26, 2005

　　　　　　　　　　　　　　　　　　　　　　　　_/s/ Arthur D. Spatt_
　　　　　　　　　　　　　　　　　　　　　　　　ARTHUR D. SPATT
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

9